Robinson, J.
 

 The plaintiff in error C. H. Kaifer filed a petition in the court of Common Pleas of Mahoning county, in behalf of himself and others, alleging in substance that the defendant the Ohio Leather Company was incorporated in 1901 with 2,500 shares of common stock and no preferred; that its capital stock was increased from time to time until on June 7, 1919, its capital stock was 20,000 shares of common and 20,000 shares of preferred; that on July 18, 1919, plaintiff acquired 40 shares of its preferred stock of the par value of $100 per share, with a cumulative dividend of 7 per cent, per annum and a redemption provision on January 1,1930, at $110 per share, plus accrued and unpaid dividends; that on March 1,1923, at a special
 
 *478
 
 called meeting of the stockholders of the Ohio Leather Company more than two-thirds of the stock voted to reorganize under the No Par Value Act, and to issue 15,000 shares of 8 per cent, cumulative prior preference preferred stock of the par value of $100 each, and 10,000 shares of 7 per cent, cumulative second preferred stock of the par value of $100 each, and 75,000 shares of common stock without nominal or par value, and to require all stock of- the company, both common and preferred, then issued and outstanding, to be returned to the company for cancellation, and to issue in substitution therefor stock provided for under the reorganization, upon the following terms:
 

 The holders of 7 per cent, cumulative preferred stock who pay to the company $50 per share shall receive one-half of one share of the new 8 per cent, preferred stock, and one-half of one share of the new 7 per cent, preferred stock for each one share of their stock, and also one share of the common stock without nominal or par value. The stockholders who do not contribute $50 upon the exchange shall receive for each share of preferred stock one-fifth of one share of the 7 per cent, preferred stock of the reorganized company and no common stock. Any stockholders who pay in $20 shall receive in exchange two shares of the no par value stock of the newly organized company. Those common stockholders who do not contribute $20 per share shall receive nothing.
 

 Five hundred and ninety-one shares of preferred stock and 389 shares of the common stock represented at the meeting voted against reorganization. Plaintiff and others representing 1,147 shares of
 
 *479
 
 the original issue of preferred stock refused to make the exchange and to surrender their stock.
 

 No dividends have been paid on the stock in question since October
 
 1,
 
 1920. Dividends have been paid on the new issue of stock, and the retirement of 1,500 shares of the 8 per cent, preferred stock has been authorized.
 

 Plaintiff prays, in substance, that such reorganization be declared ineffective in so far as it attempts to affect the status, priority, or par value of all non-assenting preferred stock.
 

 The plaintiff in error Walter A. Beecher, in case number 22136, filed an amended cross-petition in the Court of Appeals in the case of C. H. Kaifer et al. v. The Ohio Leather Company et al., alleging his ownership of 336 shares of preferred stock of the same issue as averred by the plaintiff in error Kaifer in his amended petition, alleging substantially the same other facts as are alleged in Kaifer’s amended petition, and alleging further that on August 29, 1923, he protested in writing the plan of reorganization adopted by the defendant corporation. He prayed as did Kaifer in his amended petition.
 

 Demurrers were filed in the Court of Appeals by the defendant in error corporation to both the amended petition of plaintiff in error Kaifer and the amended cross-petition of plaintiff in error Beecher, which were sustained in that court, and, the parties not desiring to plead further, final judgment was entered for the defendant in error corporation. Kaifer and Beecher filed separate petitions in error in this court, and the case thus bears two titles.
 

 
 *480
 
 It is the claim of both of the plaintiffs in error, first, that the defendant in error corporation, in its reorganization proceedings of February 1, 1923, and thereafter, failed to comply with the provisions of the No Par Value Act, Section 8728-1
 
 et seq.,
 
 General Code, then in force; second, that if such act be so construed as to authorize such a reorganization by the concurrence of less than all the stockholders such provision is violative of Article XIII, Section 2, and Article II, Section 28, of the Constitution of Ohio, and Article I, Section 10, and Article XIV, Section 1 of the Amendments of the Constitution of the United States.
 

 The defendant in error, claiming an exact compliance with the General Code then in force, and asserting the power of the Legislature to enact legislation authorizing less than all the stockholders of a corporation to accomplish a reorganization affecting the rights of existing stockholders, urges that, irrespective of such questions, the plaintiffs in error ought not to prevail in this case in a court of equity by reason of the fact that they delayed the institution of this action to prevent the reorganization according to the adopted plan until hundreds of thousands of dollars had been invested by the public in the reorganized corporation, and until not only the status of such investors had been materially changed by reason of the inaction of the plaintiffs in error, but the status of the corporation itself had been materially changed by such delay.
 

 The record before this court does not disclose when the action was first instituted in the court of common pleas. It does disclose that the case reached the Court of Appeals upon appeal on Sep
 
 *481
 
 tember 2,1927, and it does disclose that the amended petition of the plaintiff in error Kaifer was filed subsequent to the first day of July, 1927, since that petition contains an averment that upon that date the defendant in error corporation passed a resolution to retire 1,500 shares of the 8 per cent, preferred stock; that it thereafter did retire 1,016 shares of such stock at $80 per share, and that at the time there was an accumulated unpaid dividend on the originally issued 1,147 shares of preferred stock of $47.25 per share.
 

 It thus appears from the averments of the amended petition, it being an amended pleading as distinguished from a supplemental pleading, that this action must have been instituted later than July 1, 1927, several years after the reorganization of the corporation. It further appears from the averments of the amended petition that the action was not instituted until there had been issued 7,986 shares of 8 per cent, first preferred stock of the par value of $100 per share, 7,980 shares of 7 per cent, second preferred stock of the par value of $100 per share, and 48,657 shares of common stock of no par value, in pursuance of the plan of reorganization of February 1, 1923.
 

 It is worthy of note that neither the amended petition nor the amended cross-petition contains an averment that the corporation at the time of the reorganization was solvent, nor an averment that their stock and the stock of those in whose behalf plaintiff in error Kaifer sues had any value at the date of the reorganization; and it is quite apparent from the averments that their petitions do contain that the absence of such averments was not an over
 
 *482
 
 sight. It does appear from the petitions that there had been no dividends paid on the original stock since the first day of October, 1920, and it does appear from the petitions that in 1927 the corporation at that time had so prospered that dividends had been paid upon all its reorganization stock, and a considerable portion, of the first preferred stock had been retired. So that the petition and cross-petition disclose that the financial condition of the defendant corporation has materially improved during the period between the date of its reorganization and the date of the institution of this action.
 

 The action is one in equity. It is a settled principle of equity that a court of chancery will not exercise its equitable jurisdiction to accomplish an inequitable result.
 

 All of the present stockholders, between the first day of March, 1923, and the first day of July, 1927, have either paid money into the corporation or surrendered stock to the corporation that they would not have paid or surrendered had this action been instituted at the time plaintiffs in error claim they were wronged.
 

 The element of time is a factor in the doctrine of laches, but the application of the doctrine is not dependent so much upon the lapse of a given period of time as upon the relative status of the parties interested as of the time when the jurisdiction of the court could have been invoked and the time when it actually was invoked. An inexcusable delay which results in a material disadvantage to the party against whom the relief is sought will afford a sufficient reason for the application of the doctrine and a refusal by a court to grant equitable relief that
 
 *483
 
 will accomplish an inequitable result, regardless of whether such delay was for the purpose of securing such advantage or otherwise.
 

 The two plaintiffs in error ask a court of equity that their preferred stock, without any additional investment by them, be decreed to have the same priority over all the stock of the reorganized corporation that it had over the common stock of the corporation before reorganization, notwithstanding the fact that the reorganized stock was issued upon an additional payment therefor by the present holders. They argue that by the purchase of the preferred stock they acquired a contractual right to receive and the corporation incurred a contractual obligation to pay to them the agreed rate of interest, and, upon liquidation or the retirement of the stock, the par value thereof.
 

 Regardless of the wording of the stock certificate, the plaintiffs in error acquired by the purchase of the preferred stock the contractual obligation of the corporation that, as between such preferred stock and the then existing other stock, they were entitled to receive as dividends the interest named in the stock, before the common stock received any dividend ; and upon liquidation they were entitled to receive the par value of such stock, together with accrued and unpaid interest, before the common stock received anything. Their contractual rights were comparative rights — comparative with the rights of the other existing stock.
 

 No reason appears in either the amended petition or the amended cross-petition why the grievance of plaintiffs in error was not asserted at the time of the reorganization, when such an assertion would not have resulted in a loss to the many stockholders who thereafter purchased reorganization stock.
 

 
 *484
 
 Laches is not a mere delay, bnt is a delay which results in such a disadvantage to the adverse party that to entertain the action will result in the accomplishment of an inequitable result. It is in the nature of and analogous to an estoppel, rather than to the statute of limitations. 10 Ruling Case Law, 396:
 
 Penn Mutual Life Ins. Co.
 
 v.
 
 Austin,
 
 168 U. S., 685, 18 S. Ct., 223, 42 L. Ed., 626, and cases there cited;
 
 Windhurst
 
 v.
 
 Central Leather Co.,
 
 101 N. J. Eq., 543, 138 A., 772.
 

 To afford to the plaintiffs in error now the relief they seek would be to allow them to reap the fruit of the investment the other stockholders made, and which they refused to make, and correspondingly to deprive the other stockholders of a just return upon their additional investment. The way is still open for the plaintiffs in error to participate in the present prosperity of the corporation, upon compliance with the terms of the reorganization.
 

 The Court of Appeals correctly held that the plaintiffs in error were guilty of laches, in that they failed to institute these proceedings at a time when such an action would not have resulted in a loss to the present stockholders of the corporation, and at a time when to do equity to them would not have required the doing of a wrong to the defendant in error and its stockholders, no justification for the delay in bringing the action appearing by the pleadings.
 

 The other questions made in the petitions in error are not decided.
 

 Judgment affirmed.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.